UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN GAMBLE,

                              Plaintiff,

                -against-

POLICE OFFICER MICHAEL LESSER, et al.,

                              Defendants.

20-CV-2672 (LLS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LOUIS L. STANTON, United States District Judge:

Plaintiff, who appears *pro se*, filed this action while he was detained in the Eric M. Taylor

Center. Plaintiff seeks to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

The Prison Litigation Reform Act (PLRA) added the following "three-strikes" provision to the

IFP statute:

> In no event shall a prisoner bring a civil action … under this section if the
> prisoner has, on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
> upon which relief may be granted, unless the prisoner is under imminent danger
> of serious physical injury.

§ 1915(g).

In 2007, several district courts concluded that as of the time that Plaintiff filed those

actions, he was disqualified under § 1915(g) from proceeding IFP. *See Gamble v. Maynard*, No.

9:06-CV-1543 (N.D.N.Y. Nov. 2, 2007) (recognizing Plaintiff as barred under § 1915(g)), *report

& recommendation adopted*, (N.D.N.Y. Jan. 14, 2008); *Gamble v. Monette*, No. 9:06-CV-0136

(N.D.N.Y. May 25, 2007) (same), *report & recommendation adopted*, (N.D.N.Y. July 20, 2007).

Those orders relied on the following three dismissals as "strikes." The first strike was an

action that was dismissed in part for failure to comply with the requirement in Rule 10 of the

Federal Rules of Civil Procedure to use numbered paragraphs, *Gamble v. Cox*, No. 05-CV-1093

(N.D.N.Y. Feb. 13, 2006) (complaint dismissed "due to Plaintiff's failure to comply with the terms of this Order and the requirements of the above-mentioned Federal Rules"),[1] and the second strike was an action that was "dismissed without prejudice with leave to bring a new action that adequately pleads his claims," *Gamble v. Loran*, No. 9:05-CV-1088 (N.D.N.Y. Dec. 20, 2005).[2] The third strike was an action that was dismissed with prejudice for failure to state a claim on which relief can be granted. *Gamble v. Kelsh*, 07-CV-00093 (N.D.N.Y. Mar. 6, 2007) ("Plaintiff's Complaint [filed while a prisoner in Southport Correctional Facility] fails to state a claim upon which relief may be granted pursuant to 42 U.S.C. §1983, and is therefore dismissed.").

After district courts in the Northern District of New York concluded that Plaintiff was barred under § 1915(g) when he filed those actions in 2007, the Second Circuit held for the first time in *Escalera v. Samaritan Vill.*, 938 F.3d 380, 382 (2d Cir. 2019), that only an action or appeal dismissed in its entirety as frivolous, malicious, or for failure to state a claim constitutes a strike. Dismissals that are in part on other grounds do not qualify as strikes. *Id.* ("[M]ixed dismissals are not strikes under the PLRA.").

The Court therefore considers whether as of the time that he filed this action, Plaintiff had already brought three prior actions that were dismissed entirely on strike grounds. Plaintiff

---

[1] *But see Escalera v. Samaritan Vill.*, 938 F.3d 380, 383 (2d Cir. 2019) ("Because this alleged . . . strike was a dismissal for a remediable procedural defect (illegible handwriting) and not a dismissal on a § 1915(g) ground, it does not count as a strike.").

[2] The issue of whether a dismissal without prejudice qualifies as a strike is pending before the United States Supreme Court, *Lomax v. Ortiz-Marquez*, No. 18-8369. Until the Supreme Court's resolution of the issue, the Court assumes for purposes of this order that a dismissal without prejudice to repleading Plaintiff's claims does not count as a strike. *See, e.g., Fate v. State of N.Y.*, 19-2008-pr (2d Cir. Dec. 12, 2019) (vacating dismissal based on § 1915(g) and directing district court to consider, in light of *Escalera v. Samaritan Vill.*, 938 F.3d 380, 382-84 (2d Cir. 2019), whether a "dismissal without prejudice, in part for improper venue," qualified as a strike).

brought numerous actions that were closed on non-strike grounds. These include actions that were transferred to other courts. *See Gamble v. Priston*, No. 18-CV-3286 (E.D.N.Y. July 6, 2018) (transferred to the S.D.N.Y.); *Gamble v. Clinton Corr. Fac.*, No. 18-CV-3931 (E.D.N.Y. Nov. 29, 2018) (transferred to the N.D.N.Y.); *Gamble v. Isaacs*, No. 05-CV-1097 (N.D.N.Y. June 23, 2006) (transferred to the W.D.N.Y.). Courts also dismissed on non-strike grounds a duplicative action that was mistakenly opened because Plaintiff was directed to file three copies of his complaint, *Gamble v. Monette*, No. 06-CV-0979 (N.D.N.Y. Nov. 13, 2006), and a duplicative action that was voluntarily withdrawn, *Gamble v. Isaacs*, No. 06-CV-6100 (W.D.N.Y. Mar. 30, 2009).

Plaintiff filed actions that were dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with administrative orders, which the Court does not count as strikes. *See Escalera*, 938 F.3d at 382 (holding that "§ 1915(g) does not apply to suits dismissed 'for failure to comply with a procedural prerequisite'") (citation omitted). These include actions dismissed without prejudice for failure to file an IFP application or address change as directed, *Gamble v. Pollack*, No. 13-CV-8204 (S.D.N.Y. Jan. 10, 2014) (no IFP application); *Gamble v. Perrino*, No. 13-CV-8207 (S.D.N.Y. Jan. 10, 2014) (no IFP application); *Gamble v. Felker*, No. 07-CV-06458 (W.D.N.Y. Jan. 21, 2011) (dismissed for failure to notify court of address), and actions dismissed for failure to comply with Court orders, *see Gamble v. Clinton Corr. Fac.*, No. 18-CV-1382 (N.D.N.Y. Feb. 19, 2019) (action transferred in from the E.D.N.Y. and dismissed without prejudice under Rule 41(b)); *Gamble v. Robyck*, No. 07-CV-6498 (W.D.N.Y. Mar. 31, 2009) (denying extension of time to file amended complaint and dismissing for failure to comply with court order).

Plaintiff also filed an action that was recharacterized as § 2254 *habeas* petition, *Gamble v. Gault*, No. 09-CV-6341 (W.D.N.Y.), which is not a "civil action" for purposes of 1915(g). *See Jones v. Smith*, 720 F.3d 142, 145-46 (2d Cir. 2013) (holding that there is no indication that the "PLRA was intended to cover *habeas* petitions filed pursuant to 28 U.S.C. §§ 2254 or 2255").

Other dismissals that do not qualify as strikes are actions that were dismissed, in whole or in part, because IFP was denied or revoked and Plaintiff then failed to prepay the filing fees, *Gamble v. Priston*, No. 18-CV-6309 (S.D.N.Y. Feb. 8, 2019) (IFP denied); *Gamble v. Allen*, No. 06-CV-1182 (N.D.N.Y. May 6, 2019) (revoking IFP and granting summary judgment for failure to exhaust prison grievance procedures); *Gamble v. Maynard*, No. 06-CV-1543 (N.D.N.Y. Feb. 25, 2008) (revoking IFP); *Gamble v. Monette*, No. 06-CV-0136 (N.D.N.Y. Aug. 21, 2007) (IFP denied).

Finally, Plaintiff brought an action that was dismissed because the Court granted defendants' motion for summary judgement. *See Gamble v. Isaacs*, No. 06-CV-6327 (W.D.N.Y. Sept. 15, 2009). When evaluating whether a dismissal at summary judgment qualifies as a strike, the court must determine whether the "dismissing court deemed the action frivolous, malicious or failing to state a claim." *Escalera*, 938 F.3d at 383. In *Isaacs*, No. 06-CV-6327, the action was dismissed as "without merit," when the Court granted defendant's motion for summary judgment on the ground that Plaintiff had failed to fully exhaust administrative grievance procedures. This action therefore was not dismissed on grounds that qualify as a strike.

It nevertheless appears that, as of the date that he filed this action, Plaintiff has brought three prior actions while a prisoner that were dismissed entirely on strike grounds. The dismissal of Plaintiff's entire action in *Kelsh*, No. 07-CV-00093 (N.D.N.Y. Mar. 6, 2007), on the ground that the complaint fails to state a claim upon which relief may be granted qualifies as a strike.

Shortly after that action was dismissed, Plaintiff filed a new complaint asserting the same claims, and the district court dismissed the entire action as both frivolous and for failure to state a claim. *See Gamble v. Kelsh, et al.*, No. 07-CV-474 (N.D.N.Y. May 11, 2007) (dismissing action, filed while a prisoner at Southport, "pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as the complaint is frivolous and fails to state a claim on which relief may be granted" and warning Plaintiff about the imposition of sanctions). This dismissal qualifies as a second strike. And on January 25, 2019, the Court dismissed Plaintiff's action in *Gamble v. Doe*, No. 18-CV-3169 (E.D.N.Y. Jan. 25, 2019), filed while detained on Rikers Island, pursuant to 28 U.S.C. § 1915A for failure to state a claim on which relief can be granted. It therefore appears that as of the date that Plaintiff brought this action, he is barred under § 1915(g) from proceeding IFP, unless the complaint shows that he is under imminent danger of serious physical injury.

An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002); *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (noting that a danger "that has dissipated by the time a complaint is filed" is not sufficient). Plaintiff's complaint does not show that he was under imminent danger of serious physical injury at the time that he filed this complaint. Instead, Plaintiff alleges that on December 6, 2019, his parole officer searched his home without a warrant, resulting in Plaintiff's illegal arrest. (ECF 2 at 4). Plaintiff's complaint thus does not qualify for the imminent-danger exception.

The Court therefore denies Plaintiff's application to proceed IFP and dismisses this action without prejudice. Plaintiff may move to reopen this action, within 30 days, by prepaying the $400.00 filing fee, or submitting a declaration seeking to show that, while a prisoner, he has not

filed three or more federal civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket. The Court denies Plaintiff's request to proceed IFP and dismisses this action without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent danger  of serious physical injury. *See id.*. The Clerk of Court is directed to close this action.

Plaintiff may move to reopen this action, within 30 days, by prepaying the $400.00 filing fee, or submitting a declaration showing that, while a prisoner, he has not filed three or more federal civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim.

SO ORDERED.

Dated:   April 20, 2020
        New York, New York

                                                          *Louis L. Stanton*
                                                      Louis L. Stanton
                                                        U.S.D.J.